ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-May-01 16:25:13
60CV-19-2956
C06D06 : 5 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

REBECCA LYNNE ODOM;  
a.k.a. REBECCA LYNNE HOLMAN           PLAINTIFF

VS.           NO. _____

ENOC SUERO,  
AMERICAN VAN LINES,  
INC. and JOHN DOE  
ENTITIES Nos. 1-5           DEFENDANTS

### COMPLAINT

COMES NOW the Plaintiff, Rebecca Lynne Odom, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendants, states and alleges the following:

### I. RESIDENCY & PARTIES

1. Plaintiff Rebecca Lynne Odom was at all times relevant a citizen and resident of Apalachioola, Franklin County, Florida.

2. Defendant Enoc Suero was at all times relevant a resident of Houston, Harris County, Texas.

3. Defendant American Van Lines, Inc. is a foreign corporation, registered in Illinois as a domestic corporation whose registered agent is Grant D. Erickson, 100 N Field Drive, Suite 320, Lake Forest, Illinois 60045.

4. The residency of John Doe Entities 1-5 remains unknown.

5. Plaintiff's counsel executed a "John Doe Affidavit" in accordance with A.C.A. § 16-56-125, and it is attached hereto as Exhibit 1.



EXHIBIT A

6. The incident giving rise to this cause of action occurred on Interstate 40 East, Pulaski County, Arkansas.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

8. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

9. This is a negligence case which arises from a motor vehicle collision that occurred on July 15, 2016, on Interstate 40 East, Pulaski County, Arkansas.

## IV. FACTS

10. On or about July 15, 2016, at approximately 6:21 p.m., Plaintiff was driving eastbound on Interstate 40, in her 2016 Ford Fusion.

11. At the same time, Separate Defendant Suero was traveling eastbound on Interstate 40, in a 2004 Volvo truck and trailer.

12. At the same time, non-party Amanda Payne was driving a 2007 Toyota 4-Runner going eastbound on Interstate 40.

13. At the same time, non-party Robilyn Gordon was driving a 1990 Chevrolet Silvarado going eastbound on Interstate 40.

14. Separate Defendant Suero, abruptly and without warning changed lanes and struck the rear of the vehicle driven by Amanda Payne. This collision caused Mrs. Payne's vehicle to strike

the vehicle driven by the Plaintiff. The force of the impact shoved the Plaintiff's vehicle into the rear of Mrs. Gordon's vehicle.

15. As a result of the collision, Plaintiff sustained personal injuries and damages.

## V. CAUSE OF ACTION NO. ONE - NEGLIGENCE

16. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

17. Defendant Suero was negligent in the following particulars:

(a) Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b) Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c) Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

(d) Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(e) Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(f) Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(g) Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(h) Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(i) Driving too close to another vehicle, in violation of the common law of Arkansas; and,

(j) Otherwise failing to exercise ordinary care under the circumstances.

### VI. CAUSE OF ACTION NO. TWO -
#### Negligence and Vicarious Liability of Defendant American Van Lines, Inc.

18. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

19. Defendants American Van Lines, Inc. and John Doe Entities 1-5 are responsible and vicariously liable for the negligence of their employee and/or agent, Enoc Sueros, under the legal doctrine of joint enterprise, respondent superior liability, and/or the principles of agency as adopted by the State of Arkansas.

20. At the time of the collision, Enoc Sueros was acting in the course and scope of his employment or agency with Defendant American Van Lines, Inc. and/or John Doe Entities 1-5.

21. The negligence of Defendant Enoc Sueros is imputed to Defendants American Lines, Inc. and/or John Doe Entities 1-5.

### VII. PROXIMATE CAUSATION

22. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

23. The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

### VIII. INJURIES AND COMPENSATORY DAMAGES

24. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

25. Plaintiff sustained damages as a result of the collision.

26. Plaintiff is entitled to the following damages:

    (a) the nature, extent, duration, and permanency of her injuries;

    (b) the full extent of the injuries she sustained;

    (c) the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

  (d) any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

  (e) the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

  (f) the visible results of her injuries; and,

  (g) any property damages she sustained.

27. The injuries and damages described herein have been suffered in the past and will be continuing in the future.

### IX. DEMAND FOR JURY TRIAL

28. Plaintiff hereby demands a trial by jury.

### X. DEMAND & PRAYER

29. The Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

30. The Plaintiff demands judgment against the Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By: _____
Randal H. Hobbs (Ark. Bar No. 2017082)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
rhobbs@rainfirm.com
Telephone: (501) 868-2500
Telefax: (501) 868-2508

5

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-May-01 16:25:13
60CV-19-2956
C06D06 : 1 Page

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

REBECCA LYNNE ODOM;  
a.k.a. REBECCA LYNNE HOLMAN            PLAINTIFF

VS.          NO. _____

ENOC SUERO, AMERICAN VAN LINES, INC. and  
JOHN DOES ENTITIES Nos. 1-5            DEFENDANTS

STATE OF ARKANSAS )  
                        ) ss:  
COUNTY OF PULASKI )

Comes now Randal H. Hobbs, and states, upon oath, the following:

1. I represent Plaintiff Rebecca Lynne Odom in the above matter.

2. Plaintiff Rebecca Lynne Odom is seeking a judgment against unknown tortfeasors.

3. The names of the unknown tortfeasors in this action will be designated by the pseudo-names John Doe Entity Nos. 1-5, and will be named as such in the Plaintiff's Complaint.

5. Upon determining the identity of John Doe Entity Nos. 1-5, the Complaint will be amended by substituting the real name for the entity pseudo-name.

6. This affidavit is made pursuant to A.C.A. § 16-56-125.

_____  
Randal H. Hobbs

5-1-2019  
Date

SWORN AND SUBSCRIBED before me on the 1st day of May, 2019.

_____  
Notary Public

My commission expires:  
02/18/29

LaTosha Denise White  
PULASKI COUNTY  
NOTARY PUBLIC – ARKANSAS  
My Commission Expires February 18, 2029  
Commission No. 12369845

EXHIBIT 1